954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lafonza E. WASHINGTON, Sr.; Joan A. Washington, Plaintiffs-Appellants,
v.
BURLINGTON COAT FACTORY WAREHOUSE, INCORPORATED; Stephan M.
Gaus; James Troester; Peter L. Diesel, individually, and
as representatives of Smith & Brooker, P.C., a partnership,
association or corporation, Defendants-Appellees.
 No. 91-1981.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se Michigan plaintiffs appeal the district court's judgment dismissing their civil rights complaint filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 LaFonza and Joan Washington, husband and wife, maintain that they were deprived of constitutional rights by the unlawful garnishment of Joan Washington's wages. Defendants are Burlington Coat Factory Warehouse, Inc., the prevailing party defendant in a prior state court action, and its attorneys. The garnishment proceedings were initiated after the Washingtons failed to pay costs awarded to Burlington.
 
 
 3
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that the Washingtons can present no set of facts which would entitle them to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 4
 To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege that a person acting under color of state law violated a constitutionally protected right, privilege or immunity. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). The Washingtons correctly note that defendants, although private individuals, may be state actors for purposes of § 1983 because they acted in conjunction with state officials during the garnishment proceedings. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 942 (1982). Nevertheless, they fail to allege facts showing that they had been deprived of a protected interest.
 
 
 5
 The Washingtons assert that the costs order was erroneous and achieved through fraud. They challenge the costs order and the state court litigation that preceded it. Their claims fail because state court judgments are not generally reviewable in federal district court. See In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). This case presents no exception to that rule; the Washingtons' claims of fraud are conclusory and are not supported by the record. See id.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.